[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brought this administrative appeal which the court ordered bifurcated. Since the defendant commission prevailed on the more traditional claims of plaintiff on a zoning appeal, the plaintiff is now proceeding on its claims of inverse condemnation or a taking without just compensation occasioned by defendant's enactment of an amendment to its regulations limiting the height of any existing non-conforming use to ninety feet. That amendment was enacted after the Department of Environmental Protection had modified the plaintiff's solid waste disposal permit to increase the maximum height of the landfill to 190 feet from 90 feet.
Following the modification of plaintiff's permit, it completed a relocation of power lines that had bisected the landfill. Until the power lines were moved, the landfill could not be filled to the height of 90 feet. Plaintiff spent approximately three millions dollars in relocating those lines. In addition, plaintiff began planning for the installation of a gas management system. Although some type of system would have been necessary even without the CT Page 10201 modification to the permit from DEP, the system designed by plaintiff and installed under permits from the DEP and the Connecticut Siting Council prior to defendant's amendment to its zoning regulations does more than was necessary simply to control odors and comply with air quality standards. In fact, plaintiff spent over one million dollars to install and build a methane gas collection system and to convert the gas to electricity.
Indeed, the defendant was a party to the proceedings before the Siting Council regarding the gas generation facility. The evidence shows that plaintiff would not have built that facility if it were limited to the ninety foot limitation imposed by its permit prior to 1987 or by the amendment to the zoning regulation in 1989. As part of the proceedings before the Siting Council, the zoning enforcement officer reviewed plaintiff's application and found it conformed to appropriate regulations. The Siting Council so found.
The evidence at trial also reveals that the amendment adopted by defendant in November, 1989, if enforced, would reduce the capacity of the landfill by some 2,950,000 cubic yards. Current projections are that without the 90 foot limitation, under the DEP permit, the landfill will reach capacity by the end of 1997. With the 90 foot limitation in place, the landfill reached capacity in March, 1993. Under the amendment, plaintiff will lose some 27 million dollars in revenue. Plaintiff's expert testified that the height limitation results in a loss to plaintiff in the value of the total landfill property of between $23 million and $30,400,000. It is also established that the property itself cannot be used for other industrial purposes.
Based on plaintiff's modified permit issued in February, 1987 allowing vertical expansion of the landfill to 190 feet, plaintiff's capital expenditures for construction of the gas co-generation facility, extension of the water lines, moving power lines and construction of a truck washing facility were motivated by a reasonable investment-backed expectation that it would continue to operate its landfill until it reached capacity at 190 feet. Cf. Gil v. Inland Wetlands 
Watercourse Agency, 219 Conn. 404, 413 (1991). To determine whether a taking has occurred, this court must "consider (1) the degree of diminution in value of the particular piece of CT Page 10202 property (2) the nature and degree of the public harm to be prevented and (3) the realistic alternative uses available to the landowner." D'Addario v. Planning Zoning Commission,25 Conn. App. 137, 143 (1991).
Plaintiff has proven that this property has no use other than as open space if it cannot be used as a landfill in the future. As of March 15, 1993, plaintiff's property in New Milford was valued at $21,300,000. Given that the landfill itself is covered by a geotextile membrane and the constraints imposed by wetlands and required buffers, setbacks required by zoning regulations and a contractual agreement with the Town of New Milford, the amendment to the zoning regulation has rendered this property worthless for landfill purposes and unsalable for industrial uses. Those factors are balanced against the public harm to be prevented which the evidence shows are largely centered on air quality complaints. Plaintiff has addressed that through covering the working face with soil daily and using an odor suppressant and through use of gas recovery wells piped to a single point and burned. Since 1984, the DEP has issued no abatement orders for this landfill. Given the nature of the complaint which plaintiff has addressed and the lack of evidence that the public health or safety require that the landfill be limited to ninety feet in height, the balance clearly tips in plaintiff's favor since that limit renders their property virtually worthless with little benefit to the public. Once the landfill reached ninety feet in March, 1993, application of the amended zoning regulation constituted a taking of plaintiff's property. D'Addario v. Planning Zoning Commission, supra.
Defendant's amendment to the zoning regulations is in violation of the Connecticut constitution and therefore illegal. Plaintiff's appeal is therefore sustained. This case is remanded to the defendant to enable it to revoke the ordinance First English Evangelical Lutheran Church v. County of Los Angeles, 482 U.S. 304 (1987). See also Luf v. Southbury Zoning Commission, 14 C.L.T. No. 7 at 127.
Susco, J. CT Page 10203